UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESUS MENDIOLA, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:17-cv-00688-TWP-MJD |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Jesus Mendiola ("Mr. Mendiola") for relief pursuant to 28 U.S.C. § 2255, dkt. [1], must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. Scope of a § 2255 Motion**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Factual Background

On October 30, 2003, Jesus Mendiola pleaded guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846.[1] *United States v. Mendiola*, No.1:03-cr-0056-LJM-KPF-1, Crim. Dkt. 27.[2] In exchange for Mr. his guilty plea, the government agreed to not file a second information under 21 U.S.C. § 851 alleging Mr. Mendiola's two prior drug felonies. *Id.* If convicted under the second information, Mr. Mendiola would have received a sentence of mandatory life imprisonment.

After pleading guilty to the original charges, Mr. Mendiola was sentenced to 270 months' imprisonment, with ten years of supervised release. Crim. Dkt. 33. Mr. Mendiola appealed his sentence based on *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Mendiola,* 163 F. App'x 408, 409 (7th Cir. 2006). The Seventh Circuit affirmed because the district court would have imposed the same sentence in light of *Booker*. *Id.*

In support of his motion for relief pursuant to 28 U.S.C. § 2255, Mr. Mendiola raises three arguments. First, he argues that he received ineffective assistance of counsel when his attorney encouraged him to plead guilty, abandoned potential defenses and did not object to errors in his pre-sentence report. Second, he argues that he should have received a reduction in his sentence due to his "minor role" in the offenses based on Amendment 794 to § 3B1.2 of the Sentencing Guidelines. Finally, he asserts that he should have received a two-level reduction in his Base Offense Level based on Amendment 782 to the Guidelines.

---

[1] Mr. Mendiola's motion for relief pursuant to 28 U.S.C. § 2255 appears to have been filed beyond the time permitted by statute. Specifically, the Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). The respondent did not raise this issue in its briefing and has therefore waived this affirmative defense. Therefore, the Court will address the merits of Mr. Mendiola's motion.
[2] In his motion, Mr. Mendiola listed his criminal case number as 03-cr-0089. When received by the clerk's office, this number was inadvertently linked to case number 03-cr-0074, a related action against Mr. Mendiola. The proper underlying criminal case number relevant to this action is 03-cr-0056-1.

## III. Discussion

### A. Ineffective Assistance of Counsel

Mr. Mendiola first asserts that his defense attorney performed deficiently in various respects. Mr. Mendiola alleges that his plea was "coerced by the wrongful urging of counsel, the involvement of agents of the Government's lies and promises, which they very apparently had no intention of performing, and complete abandonment of legitimate defenses and objections to the PSI." Dkt. 2. He further alleges that he would not have agreed to the plea had he "known what was taking place behind the scenes." *Id*. He adds in his reply that he would not have pleaded guilty had he known that the sentencing guidelines would take his prior criminal history into account.

A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States,* 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.* In order to satisfy the prejudice component, Mr. Mendiola must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Mr. Mendiola's scant and conclusory allegations are insufficient to establish that his counsel performed deficiently. Mr. Mendiola does not state what legitimate defenses or what objections to the PSI his counsel failed to raise. To prevail on such claims, Mr. Mendiola would need to identify particular objections his counsel failed to raise and particular defenses he

abandoned, demonstrate that such failures constituted deficient performance, and prejudiced Mr. Mendiola. *Strickland*, 466 U.S. at 688–94. Because Mr. Mendiola did not detail what objections should have been made or what defenses should have been developed, let alone demonstrate either prong of the *Strickland* standard, he cannot prevail on these claims.

Similarly, Mr. Mendiola argues that his attorney failed to properly investigate his case. When counsel's "purported deficiency is based on a failure to investigate, we require the petitioner to allege what the investigation would have produced." *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (internal quotation omitted). Mr. Mendiola has not alleged what further investigation would have uncovered. He therefore cannot demonstrate that he received ineffective assistance of counsel related to this claim.

Finally, Mr. Mendiola has not shown that he was prejudiced by his counsel's allegedly defective advice. It is not enough for Mr. Mendiola to emphatically state that he would not have pleaded guilty had he known that the sentencing guidelines would take his criminal history into account. Instead, Mr. Mendiola must "present objective evidence that a reasonable probability exists that he would [not have pleaded guilty]." *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) (citations omitted).

Mr. Mendiola has not presented objective evidence demonstrating a reasonable probability that he would have rejected the plea bargain under the circumstances. On the contrary, by pleading guilty, Mr. Mendiola was spared a likely life sentence and received instead a sentence of 270 months' imprisonment, with ten years of supervised release. Crim. Dkt. 32. The favorable plea bargain weighs against Mr. Mendiola's argument that he received ineffective assistance of counsel when his attorney advised him to accept the plea offer. *See Pidgeon v. Smith*, 785 F.3d 1165, 1173 (7th Cir. 2015) ("The terms of a plea deal are admittedly relevant in assessing the credibility of a

petitioner's claim that he would have gone to trial had he received correct information at the plea bargaining stage."). In light of the favorable plea bargain he received, Mr. Mendiola is unable to show that he was prejudiced by counsel's advice to plead guilty. His claims of ineffective assistance of counsel therefore fail.

### B. Amendment 794

Next, Mr. Mendiola argues that his Base Offense Level should have been reduced by two levels under the "minor role" reduction found in Amendment 794 to § 3B1.2 of the Sentencing Guidelines. [3]

Mr. Mendiola relies upon *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) which, in addition to not being controlling precedent, deals with the retroactive application of Amendment 794 on direct appeal rather than in the context of a motion pursuant to § 2255. "Allegations that the district judge misapplied the sentencing guidelines are not reviewable under § 2255." *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001); *see also Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010).

In his response brief, Mr. Mendiola briefly argues that his appellate counsel should have argued for the "minor role" reduction on direct appeal. But even if raised as a claim of ineffective assistance of appellate counsel, this claim still fails because Mr. Mendiola cannot show that he was prejudiced by his appellate counsel's failure to raise the issue on direct appeal. To demonstrate prejudice, Mr. Mendiola would have to show that he would have received a reduced sentence had his appellate counsel raised the "minor role" reduction claim on direct appeal.

---

[3] Although respondent argues that Mr. Mendiola's plea agreement waived his right to appeal his sentence, the plea waiver language quoted by the respondent in its brief does not appear to match the language in the plea agreement contained in the Court's file. Because Mr. Mendiola's arguments fail for reasons other than his plea waiver, this discrepancy need not be further addressed.

Mr. Mendiola arranged for and participated in the transport of thirty kilograms of cocaine. Crim. Dkt 33, p. 4. Such circumstances do not support application of the "minor role" reduction. *See United States v. Sandoval-Velasco,* 736 F.3d 1104, 1108 (7th Cir. 2013) ("couriers may play an important role in a drug distribution scheme and are not automatically entitled to a mitigating role reduction.") (*citing United States v. Panaigua-Verdugo*, 537 F.3d 722, 725 (7th Cir. 2008)). Therefore, Mr. Mendiola has not shown that he was prejudiced by his appellate counsel's failure to argue for a sentence reduction pursuant to Amendment 794.

C. **Amendment 782**

Mr. Mendiola argues that he is entitled to a two-level reduction in his Base Offense Level based on Amendment 782 which reduced the Base Offense Level for drug offenses by two levels. But because Mr. Mendiola was sentenced as a career offender under U.S.S.G. § 4B1.1, his Base Offense Level could not be reduced below 37. Crim. Dkt. 27, p. 5. Amendment 782 did not negate the requirements of § 4B1.1. *United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014); *United States v. Williams*, No. 04-cr-12, 2015 WL 1607967 (N.D. Ill. Apr. 9, 2015). The Commission's commentary explaining Amendment 782 supports this conclusion: "guideline enhancements for offenders who ... are ... career offenders, ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences." U.S.S.G. Supp. App. C, at 74 (2014).

For these reasons, Mr. Mendiola's motion for relief pursuant to 28 U.S.C. § 2255 is **denied.**

### IV. Conclusion and Denial of Certificate of Appealability

For the reasons explained in this Entry, Mr. Mendiola has failed to show that he is entitled to the relief he seeks. His motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:03-cr-0056-LJM-KPF-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Mendiola has failed to show that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/7/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JESUS MENDIOLA
78185-079
THREE RIVERS - FCI
THREE RIVERS FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 4200
THREE RIVERS, TX 78071

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov